# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATE OF AMERICA ) | |
| ) | |
| vs. ) | No. 02-CR-30043-05-MAP |
| ) | |
| MICHAEL QUICKEL, ) | |
| Defendant ) | |

## *DEFENDANT'S MEMORANDUM IN AID OF SENTENCING*

On July 19, 2005, Defendant MICHAEL QUICKEL pleaded guilty to Count 1 of the within, second superseding indictment, charging him with conspiracy to deal firearms without a license. He cooperated fully with the government in its investigation of four other co-conspirators and testified in the trial of one of them, Ivan Teleguz.

Mr. Quickel's entre to this conspiracy came about as the result of an introduction by a mutual friend to Ivan Teleguz, who purchased some firearms Quickel personally owned. Soon, Teleguz had Quickel making purchases of firearms from local Pennsylvania dealers. Although Quickel had no idea of any larger conspiracy, he figured out that Teleguz was up to no good and finally ended the association. Quickel never met the undercover Ortiz, nor ever knew there were other conspirators. In total, Quickel purchased 13 firearms for Teleguz, none of which had obliterated serial numbers.

Once the government's investigation began, Quickel was interviewed by ATF agents in Pennsylvania and gave a full narrative of his participation in the illegal purchase of firearms with Ivan Teleguz. He has always made known his willingness to co-operate with the government as necessary.

Because the government is crediting Quickel with all 26 firearms associated with the larger conspiracy, as well as their having obliterated serial numbers, his total offense level computation is overstated when compared to his actual role in the offense. If one accepts his as a very minor role in the conspiracy then he could reasonably foresee, and so be held accountable for, further distribution of only the 13 guns he had purchased. Although the strict liability nature of §

2K2.1(b)(4) demands the 2-point increase, his specific offence characteristic enhancement under § 2K2.1(b)(1) ought to be only +4 (8 - 24 firearms). His true total offense level should be 13 instead of 15.

His criminal record consists solely of misdemeanor offenses, and he has never been incarcerated. Although the mathematics may be correct, criminal history category III substantially over-represents his true prior conduct.

His significant assistance to the government during both its investigation and prosecution at trial underscores his sincere efforts not only to aid the government, but also his desire to protect the public. He did the right thing to make some atonement for his mistake, and now asks this Court to sentence him to probation rather than imprisonment.

Respectfully submitted;

MICHAEL QUICKEL, Defendant
By Counsel:

RICHARD J. MAGGI, ESQ. BBO#313370
P.O. Box 432
Agawam, MA 01001
Tel:(413)786-6543
Fax:(413)786-6672

### CERTIFICATE OF SERVICE

I hereby certify to proper service of a copy hereof on the Government by mailing, first class postage paid, to the local office of the U.S. Attorney on March 26, 2006.

RICHARD J. MAGGI, ESQ.